■ ALAN WIETECKI et al., Respondents, v RALPH MARCZAN, Appellant. —In a negligence action to recover damages for personal injuries, etc., defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Rockland County, entered January 30, 1975, as is in favor of the infant plaintiff, upon a jury verdict in the amount of $210,000. Judgment reversed insofar as appealed from, on the law, and, as between the infant plaintiff and defendant, action severed and new trial granted upon the issue of damages only, with costs to abide the event, unless within 20 days after entry of the order to be made hereon, plaintiff Alfred Wietecki, as father and natural guardian of the infant plaintiff, shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict to $100,000 and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. No questions of fact were presented on this appeal. The verdict was excessive to the extent indicated herein. We have considered the other claims made on this appeal and find them to be without merit. Rabin, Acting P. J., Martuscello, Latham, Margett and Munder, JJ., concur.

## (November 10, 1975)

■ ANTHONY ARGILA, Respondent, v MANHATTAN LIFE INSURANCE COMPANY, Defendant and Interpleading Plaintiff-Appellant-Respondent. BARBARA G. ROTHENBERG, Interpleaded Defendant-Respondent-Appellant.—The respective attorneys on these appeals from an order of the Supreme Court, Nassau County, dated July 7, 1975, and a judgment of said court entered September 10, 1975, after a conference in this court before Mr. Justice Gittleson on October 10, 1975, signed a stipulation that (1) said order and judgment be vacated, (2) a certain check shall be held in escrow by plaintiff's attorney until final determination of the action as to the interpleaded defendant and (3) the trial shall proceed upon note of issue by plaintiff. In accordance with the foregoing, the order and judgment appealed from are reversed, without costs, and the action shall proceed to trial as to the interpleaded defendant, upon note of issue by plaintiff. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.